UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| TERESA HERALD TURNER,<br><br>     Plaintiff,<br><br>V.<br><br>BREATHITT COUNTY GERIATRIC CORPORATION,<br><br>     Defendant. | CIVIL ACTION NO. 5:15-89-KKC<br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Teresa Herald Turner's motion to reopen the case. (DE 13). The Court received a number of correspondences from Turner indicating that she wanted to resolve this matter (DE 6, DE 7, DE 9, DE 10), and on May 19, 2015 Turner and Defendant Breathitt County Geriatric Corporation filed a proposed agreed order stipulating that the parties settled the matter and had resolved their claims (DE 11). The Court entered the Agreed Order. (DE 12). Turner now seeks—two and a half months later—an Order setting aside her settlement and reopening the case. (DE 13). For reasons stated below, the Court will deny Turner's motion.

Federal Rule of Civil Procedure 60(b) establishes grounds for reopening a final order.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or

>vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Sixth Circuit "case law sets a high bar for granting relief under Rule 60(b)." *G.G. Marck & Assocs., Inc. v. N. Am. Invs., Corp.*, 465 F. App'x 515, 517 (6th Cir. 2012). Rule 60(b) sets a high bar for granting relief because of the policy favoring finality of judgment, orders, and proceedings. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).

A litigant seeking to reopen a final order must establish that relief is necessary pursuant to one of the five enumerated categories in Rule 60(b) or that public policy interests, as set out in subsection (b)(6), strongly favor relief. *Id.* But relief under subsection (b)(6) "must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original) (quotations omitted). Section (b)(6) should be used sparingly because "clauses 1–5 of the Rule cover almost every conceivable ground for relief." *Id.* (quotations omitted).

Here, Turner does not contest that she signed the settlement offer or the proposed agreed order and stipulation. She does not claim that any of the five enumerated categories in Rule 60(b) apply or that the settlement was unfair. Instead, Turner asserts that she was "shocked" when she arrived at a pretrial conference that she had mistakenly assumed to be a jury trial on the merits. (DE 13 at 1.) She claims that she "had to take[ the Defendant's settlement] offer" at the pretrial conference without substantiating why she could not have rejected the offer. (DE 13 at 1.) The Court finds that any claim that Turner did not want to settle the case is not credible because she repeatedly stated, in letters filed with the Court, that she wanted to resolve the case.

Therefore, because Turner failed to identify a particularized reason the Court should grant relief pursuant to Rule 60(b) and she failed to establish facts indicating an "unusual and extreme situation[ ] where principles of equity *mandate* relief," *Ford Motor Co.*, 487 F.3d at 468, the Court finds that Turner has not met her burden and the Court will not reopen this matter.

Accordingly, Plaintiff's motion (DE 13) is **DENIED**.

Dated August 3, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY